# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

Odrey E Rasmussen
1751 120th Avenue
St. Croix Falls, WI 54024

(Full name of plaintiff(s))

vs

Internal Revenue Service
Brookhaven Appeals
1040 Waverly Avenue, Stop 906, Holtsville, NY 11742

(Full name of defendant(s))

Case Number: 09 C 573-X

(Supplied by clerk)

## COMPLAINT

### A. JURISDICTION

1. Odrey E Rasmussen (Plaintiff), resides at 1751-120th Avenue (Address), at St Croix Falls, WI 54024 (City, State).

2. Defendant INTERNAL REVENUE SERVICE (Name of First Defendant) is employed as Appeals Office (Position and Title, if any) at 1040 Waverly Ave, Stop 906, Brookhaven, NY 11742 (Address).

3. Defendant _____ (Name of Second Defendant) is employed as _____ (Position and Title, if any) at _____ (Address).

(WDWI rev. 4/07)                                    (Non-Prisoner Complaint)

B. CAUSE OF ACTION

On the space provided on the following pages, tell what specific incidents or conversations occurred which led you to believe your constitutional or federal rights have been or are presently being violated. IT IS IMPORTANT THAT THE ALLEGATIONS BE BRIEF, BUT SPECIFIC. Do not cite legal authorities, such as earlier court decisions or laws enacted by the legislature or Congress, to support your lawsuit at this early stage of your case.

PLEASE SEE All documents & Correspondence ATTACHED

US District Court, Division of Western Wisconsin

September 15, 2009

Gentlemen

Enclosed is a copy of the letter received from the Taxpayer's Advocate Service, Case Advocate, Cheryl Neal and the letter from Abigail Matthews, Appeals Officer for the Internal Revenue Service. Also enclosed are copies of all correspondence with the accompanying documents regarding this case to and from Internal Revenue Service over the years.

All in all the case began with the 2002 tax return. Mr. Rasmussen filed his 2002 tax return on April 15, 2006. The tax return showed an over payment of taxes $ 6245.00. Knowing that in the 2003 tax year, he would owe taxes, Mr. Rasmussen used the area on page two of the 1040 applying the overage to the ensuing tax year. The following year, when the 2003 tax return was completed and filed on March 5th, 2007, he, indeed, owed taxes. The overage of the $ 6245.00 was used from the 2002 taxes and the balance due above that amount was paid. It was not until June of 2007 when Mr. Rasmussen received a letter and a bill for $ 6245.00 plus interest and penalty, that he was informed, via a phone conversation with the Internal Revenue Service, that they had no record of ever receiving the 2002 tax return. A copy of the 2002 tax return was sent immediately to the Internal Revenue Service. It was believed to have been cleared up at that time, however, the bills and letters continued to arrive. After more conversations and written correspondence with the Internal Revenue Service and to show due diligence on his part, Mr. Rasmussen made payment arrangements with the Internal Revenue Service until the matter could be cleared up through the proper channels within the "system". But after more calls, obtaining date proof of filing and providing all information necessary and then some, it seems Mr. Rasmussen and all the paperwork once again fell through the cracks. As can be seen through all of the documents and letters attached, at one point Mr. Rasmussen received a letter from Internal Revenue Service saying they were in receipt of the information and letters and were working on the issue. Allowing an ample amount of time and not having heard anything, our calls to the Internal Revenue Service began again. And again, no one knew anything about who Mr. Rasmussen was or anything about any correspondence or case. The agent on the phone then gave an address to resend all letters and documentation to. A month or so later, a letter was received saying that the information was sent to the wrong address and that it was being forwarded to the correct area. Yet again, time lapsed and another call revealed no one had any idea what we were talking about. It was now through a conversation lasting more than an hour and a half with yet another agent in April 2009 and copies of letters flying through the fax machine that I FINALLY was able to be assigned to a Taxpayer's Advocate. All of the correspondences, information, and documentation were forwarded to Cheryl Neal, the Tax Payer's Advocate. But, apparently the case was re-assigned to a Ms. Abigail Matthews, an Appeals Officer. Ms. Matthews telephoned Mr. Rasmussen and when asked why she was not talking to Cynthia McLane, E.A., his POA and tax preparer, she informed him she did not know who that was and that he

did not have a POA on file. (Please note the "cc: Cynthia McLane POA" at the bottom of the letter received on August 4th 2009 from the Tax Payer's Advocate) The sad part is that not only was her decision negative but it took two more months to receive the response that she would not extend the period of time to file to the US District Court. After Mr. Rasmussen received the decision letter from Ms. Matthews, Cynthia McLane E.A. called and spoke with her. Ms. Matthews then changed her story and said the POA she had did not show Cynthia McLane listed as an Enrolled Agent (E.A.) (copies of all Form 2848's signed over the years attached) and although she still would not speak to her about Mr. Rasmussen's case specifically, Ms. Matthews did say she would answer a few questions "generally speaking" about a case with facts that were the same as Mr. Rasmussen's. A case where although the return was not filed timely, it was however, filed within the three year deadline for the refund, and the proof of that filing being the Date Stamped copy from the State of Wisconsin mailed on the same day, as a State return cannot be prepared correctly and filed without the Federal return having been completed first. Ms. Matthews then said that the "Date Stamp" just as the Postmark Date would prevail. When asked why then she denied the claim, she would no longer talk. To me, this action in and of itself shows that Ms. Matthew, possibly never reviewed or examined any of the letters nor the documentation that was supposed to have been forwarded to her from the Advocate's office.

We are asking for an appeal of the Appeals Officer's decision in denying the refund of double payment of the 2002 taxes in the amount of $ 6245.00. Although the tax return was not filed timely, it was filed within the required three years of the original due date of the return, proof being the Date Stamp provided to us by the State of Wisconsin as to the filing date of the return.

Thank you for hearing us and helping us to resolve this case.

Sincerely

*[signature: Odrey E. Rasmussen]*   *[signature: Cynthia McLane]*

Odrey E Rasmussen                       Cynthia S McLane E.A., CTI,

Taxpayer and Plaintiff                  Accountant

C. REQUEST FOR RELIEF

1. I __do not__ request that I be allowed to commence this action without
   (do, do not)
   prepayment of fees and costs, or security therefor, pursuant to 28 U.S.C. §1915. The attached affidavit of indigency has been completed and is submitted in support of this request for leave to proceed in forma pauperis.

2. In the following space, please indicate exactly what it is you wish this court to do.

I am asking that this Court please Review the attached documents in this case and based on the information provided, Reverse the decision of the Internal Revenue Appeals officer, thereby granting an abatement of the 2002 tax overpayment of $6254.00 as Mr. Rasmussen has now paid this tax twice.

Dated this __15th__ day of __September__, 20__09__.

__Odrey E. Rasmussen__
(Signature)   ODREY E RASMUSSEN

__1751 120th AVENUE__
(Street or PO Box)

__St. Croix Falls, WI 54024__
(City, State Zip Code)

__715-222-2124__
(Area Code and Phone Number)

or Contact w/ Questions of in need of further information or documentation.
Cynthia S. McLane EA. & P.O.A.

(WDWI rev. 4/07)                                              (Non-Prisoner Complaint)